UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EILEEN H. CHAPOTON                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:06cv471-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                    DEFENDANT

### ORDER

The current state of the record in this cause of action is as follows:

1. An original [10] scheduling order, with two subsequent text only amendments to extend the time for discovery and the designation of experts.
2. An amended [41] scheduling order as a result of a joint motion [40] to continue trial date.
3. A motion [56], as supplemented [60], to consolidate cases, to which Defendant has received an extension to respond.
4. An order [42] granting a protective order, and the actual [43] protective order, with a 63-page objection [51] to the United State Magistrate Judge's decision in connection therewith.  At least the Defendant filed its response [64] to this objection, and did so in the space of 15 pages.
5. A sealed [54] Motion for Partial Summary Judgment filed by Plaintiff, followed by an order [61] to show cause why this motion should be sealed.  Defendant obtained an extension [69] to respond to Plaintiff's position on the show cause order.
6. A motion by Defendant [65] for an extension of time to respond to the sealed [54] Motion for Partial Summary Judgment, then a request [71] by Defendant pursuant to Fed. R. Civ. P. 56(f) to continue consideration of [54] so that additional discovery can be conducted (under the latest [41] scheduling order, obtained at the joint behest of the parties, discovery is not due until *November 1, 2007*).

All this for a case originally filed [1] on May 11, 2006.

Unfortunately, this cause of action illustrates how a docket can be in danger of spinning out of control when it is left to the devices of the parties and their counsel.  Frankly, it is time to revisit the above occurrences so that judicial resources are better spent and the overall goal of Fed. R. Civ. P. 16 is met.

Accordingly, **IT IS ORDERED**:

Once the United States Magistrate Judge has finally received Defendant's responses to the [56] [60] motions to consolidate and to the [61] show cause order, he should immediately

determine if the [54] Motion for Partial Summary Judgment should be sealed.  It should be kept in mind that the Court's eventual rulings on any of them will *not* be under seal.  During this process, the matters of the [43] protective order should be reviewed to determine its true scope.  In this regard, the parties and their counsel are cautioned that blanket protection and blanket disclosure appear to be inappropriate, and any unprotected material shall not be under seal.

A new scheduling order shall be entered with revised deadlines and a trial date falling well within this calendar year (the trial date should be more in line with the one set for October 8, 2007, in the original [10] scheduling order, with discovery, motions, etc. due well ahead accordingly).

Defendant's [65] [71] motions with respect to responding to Plaintiff's [54] Motion for Partial Summary Judgment are **CONDITIONALLY GRANTED**, subject to appropriate discovery being taken and deadlines being met, and a ruling on [54] shall be **HELD IN ABEYANCE** until further order of the Court.

The Court reserves the right to make any other order in this matter on these or any other related issues as is just, including but not limited to striking Plaintiff's [54] Motion for Partial Summary Judgment.

**SO ORDERED** this the 20th day of March, 2007.

    s/ L. T. Senter, Jr.
    SENIOR JUDGE