UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EILEEN H. CHAPOTON                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:06cv471-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                                DEFENDANT

## ORDER

Since the entry of this Court's [76] Order on March 20, 2007, several relevant actions have occurred: (1) the Magistrate entered a [79] *sua sponte* Order Clarifying Protective Order; and (2) he held a telephonic status conference resulting in the following: the unsealing of [54] Plaintiff's Motion for Partial Summary Judgment (this was accomplished in [79] referred to immediately above); directions to the Defendant with respect to filing a response to the aforementioned partial summary judgment motion; and a revised scheduling order consistent with this Court's [76] Order.

This is significant progress. What remain for decision to be addressed in the instant order are two matters: a motion [56], as supplemented [60], to consolidate cases, which has been briefed fully; and an objection [51] to the United State Magistrate Judge's decision in connection with a [43] Protective Order.

There are several civil actions on the Court's Hurricane Katrina docket which bear procedural likenesses to this case on these issues (other matters will be addressed by separate orders). They are:

       *Hadden v. State Farm*, No. 1:06cv246

       *Guy v. State Farm*, No 1:06cv249

       *Buchanan v. State Farm*, No. 1:06cv419

       *Schultz v. State Farm*, No. 1:06cv449

       *Green v. State Farm*, No. 1:06cv451

       *Adler v. State Farm*, No. 1:06cv452

       *Bishop v. State Farm*, No. 1:06cv512

>   *Lott v. State Farm*, No. 1:06cv519

>   *Harris v. State Farm*, No. 1:06cv527

>   *Davis v. State Farm*, No. 1:06cv574

In addition to the fact that the same law firm represents the above named Plaintiffs, all of these cases have in common virtually identical objections to the Protective Order (which has now been clarified in all relevant referenced cases), all filed on the same day (February 16) with the exceptions of *Bishop* (April 18) and *Harris* (April 19).  *Buchanan*, *Guy*, *Hadden*, and *Adler* have the additional trait of a ruling of mootness on respective motions to compel related to the Protective Order.  The instant case has a blanket motion to consolidate, and *Hadden* contains a Motion to Consolidate for Discovery Issues.  (As an aside, two cases do not fit any pattern: *Illing v. State Farm*, No. 1:06cv513, not on the above list but in which the same Protective Order was entered, does not have a filed objection to the Magistrate's action in this regard because it is acknowledged "that there are several similar objections that have been filed in related Hurricane Katrina cases . . . [and] [j]udicial economy will be best served" by a ruling on these "prior to more similar objections being filed"; and for some reason, no objection has been filed by present counsel in *Beckham v. State Farm*, No. 1:06cv247).  While counsel are certainly not bound by the actions of their colleagues (although they might do well to consider them), it is curious that in another case in which the identical Protective Order was entered, *Winters v. State Farm*, No. 1:06cv393, no objection was made, and, in still more cases, the Protective Order in all practicality has been the result of consent.

   Delay in litigation is counter-productive.  This Court [76] previously expressed concern over spending judicial resources in a more productive manner and meeting the overall goal of Fed. R. Civ. P. 16.  All of the objections to the Protective Order, if considered a brief (for there are no accompanying memoranda of authorities), far exceed the page limitations established in the local rules, and it would be a simple matter to deny them all on this ground alone.  However, I believe denial on this basis has been rendered unnecessary by the Magistrate's [88] clarification, which reads in pertinent part: "[T]he purpose of the Protective Order is to preserve trade secrets and proprietary information.  The Protective Order establishes a mechanism for designating documents as confidential and a method for appealing any such designation if a party feels that a document has been improperly designated as such."  This is in line with my previous observation in [76] that "blanket protection and blanket disclosure appear to be inappropriate," and provides the additional safeguard of an appeal to determine whether a particular designation is proper.

   It is also my understanding that arrangements are being made for a single repository of documents that would relieve Defendant of the requirement of multiple productions in all of its Hurricane Katrina litigation while at the same time benefitting Plaintiffs as to access to information.  It may be possible that a similar procedure can be used for depositions of Defendant's key personnel and experts, although the Court is not endorsing this latter course without further input and study.  Coordinated discovery may be one way to advance a speedier disposition of cases against this or any other Defendant in the Hurricane Katrina insurance

setting.

On the other hand, I am not convinced that consolidation of cases is a solution. This Court has already denied one class action (*Guice v. State Farm*, No. 1:06cv1) and ordered severance with respect to other blocks of cases (*McFarland v. State Farm*, No. 1:06cv466; *Vaz v. Allstate*, 1:06cv481; and *Bradley v. Nationwide*, No. 1:06cv528). Such a process is even more problematic when different counsel representing Plaintiffs are involved. But for now, that particular matter will be determined by the Magistrate.

Finally, under Fed. R. Civ. P. 11(c)(1)(B), the Court, "[o]n its own initiative, . . . may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Subdivision (b) of Rule 11 is aimed, for example, at pleadings, written motions, or other papers which are "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"; and at "claims, defenses, and other legal contentions [that are not grounded on] a nonfrivolous argument." Rule 16 discourages wasteful pretrial activities, and has its own provision for sanctions. This Court will not tolerate such behavior; under the circumstances outlined in this Order, the law firm representing Plaintiffs are perilously close to crossing the line and entering the territory of Rule 11 and/or Rule 16 sanctions. Neither the Magistrate nor I will hesitate to impose them, whether it be on plaintiffs, defendants, or their counsel in this or any other cause of action.

For present purposes, **IT IS ORDERED**:

Because the scope of the [43] Protective Order has been clarified (whether necessary or not), and reading the Order and clarification together, the [42] Order of the United States Magistrate Judge granting Defendant's [22] Motion for Protective Order is **AFFIRMED**, and the [51] Plaintiff's Objections to Magistrate Judge's [43] Protective Order are **DENIED** under the standard of Fed. R. Civ. P. 72(a) inasmuch as Plaintiff has failed to establish that the Magistrate's order is clearly erroneous or contrary to law.

For docket control purposes, now that the Magistrate has clarified the Protective Order in all applicable cases, orders will be entered by this Court on the pending Applications for Review addressing the same subject matter.

In light of the Magistrate establishing a mechanism for scheduling Defendant's response to Plaintiff's [54] Motion for Partial Summary Judgment, motions [65] and [71] are hereby **TERMINATED**.

The Court continues to reserve the right to make any other order in this matter on these or any other related issues as is just.

**SO ORDERED** this the 24th day of April, 2007.

                                           s/ L. T. Senter, Jr.
                                           L. T. SENTER, JR.
                                           SENIOR JUDGE